UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OCCUPATIONAL SAFETY & HEALTH LAW PROJECT, PLLC, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF LABOR, <br><br> Defendant, <br><br> and <br><br> CENTURY ALUMINUM COMPANY, <br><br> Intervenor-Defendant. | Civil Action No. 21-cv-02028 |

**JOINT STATUS REPORT**

Pursuant to this Court's August 17, 2022, Memorandum Opinion (ECF No. 33) and Order (ECF No. 34), the parties, by and through undersigned counsel, respectfully submit the following joint status report:

1. Plaintiff, Occupational Safety & Health Law Project, PLLC ("OSH Law"), has brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel Defendant, the U.S. Department of Labor ("DOL") to disclose records responsive to Plaintiff's October 26, 2020 FOIA request. On December 1, 2020, Plaintiff agreed to revise the scope of its FOIA request and on January 13, 2021, DOL provided a final response to Plaintiff's FOIA request, in which it released to Plaintiff a redacted copy of a 16-page record consisting of an agreement between the Occupational Safety and Health Administration ("OSHA") and Intervenor-Defendant Century Aluminum Company ("Century"), hereinafter referred to as the Abatement Plan

1

Agreement. In its final response, DOL further explained that the redacted information in the Abatement Plan Agreement was being withheld pursuant to FOIA Exemption 4.

2. On November 17, 2021, DOL filed for summary judgment regarding DOL's assertion of FOIA Exemption 4; Plaintiff cross moved for summary judgment on January 24, 2022. *See* ECF No. 17 (DOL's Summary Judgment Motion); ECF No. 22 (Plaintiff's Cross-Motion for Summary Judgment).[1] On August 17, 2022, the Court granted in part and denied without prejudice in part DOL's summary judgment motion, and it denied without prejudice Plaintiff's cross-motion for summary judgment. ECF No. 34. In particular, the Court granted DOL's motion on the "commercial" and "obtained from a person" requirements of Exemption 4, and it denied without prejudice DOL's motion as to the "confidential" requirement of Exemption 4, the foreseeable-harm requirement under the FOIA Improvement Act, 5 U.S.C. § 552(a)(8)(A)(i), and the segregability requirement under FOIA, 5 U.S.C. § 552(b). ECF No. 34.

3. The Court provided the government with a "'second chance' … to justify its withholding under Exemption 4 and file again for summary judgment." ECF No. 33 at 26. In addition, the Court stated that "the government might reexamine, in light of th[e] guidance [in the Memorandum Opinion], whether parts of the Abatement Plan Agreement should in fact be disclosed because Century would not customarily treat the information in those parts as private, or that it has not actually treated those parts as private." *Id.* (internal quotation marks omitted).

4. The Court ordered that the parties submit a joint status report (1) informing the Court as to any decision by the government to release additional parts of the redacted Abatement Plan Agreement; and (2) proposing a schedule to govern further proceedings. ECF No. 34 at 1–2.

5. DOL reports that it has carefully reviewed the Abatement Plan Agreement in light of

---

[1] Century joined DOL's summary judgment motion. ECF No. 21.

the Court's August 17, 2022 Memorandum Opinion, and has been conferring regularly with Century about Century's explanation for why Exemption 4 protections over the redacted portions of the Abatement Plan Agreement are warranted. On September 13, 2022, Century confirmed that it treats all parts of the Abatement Plan Agreement as confidential and provided DOL with additional information to explain why and how it does so. Without reaching a final decision, DOL preliminarily believes that the additional information provided by Century supports Century's assertions of confidentiality and the application of Exemption 4 for most provisions of the Abatement Plan Agreement. DOL, however, has identified a limited set of provisions for which it requires additional information from Century to fully assess Exemption 4's applicability. As a result, pursuant to DOL regulations, under 29 CFR Part 70.26, DOL issued a letter to Century on September 14, 2022, giving notice that DOL is considering releasing the limited set of provisions identified in that letter, subject to any additional information Century provides regarding Exemption 4's applicability to those provisions, by September 28, 2022. After Century responds to this letter, DOL regulation 29 CFR 70.26(f) requires that DOL notify Century of its final decision, should DOL decide to release additional parts of the Abatement Plan Agreement. For these reasons, DOL needs additional time to make its final decision as to whether to release additional parts of the Abatement Plan, and respectfully requests that the Court set a further Joint Status Report due in 28 days, notifying the Court as to any decision by the government to release the limited set of provisions of the redacted Abatement Plan Agreement that remain the subject of consultation between Century and DOL.

6. Separately, on September 12, 2022, all parties met and conferred in connection with this joint status report. During the meet and confer, the parties also discussed the possibility of settling this lawsuit outside of litigation. OSH Law and Century agree that they would need two to

three weeks to determine whether settlement is possible.

      7.    Accordingly, to allow additional time for DOL to make its final decision as to whether to release additional parts of the redacted Abatement Plan Agreement and to allow the parties time to assess the possibility of settlement, the parties respectfully request that the Court order the parties to file a further joint status report by October 14, 2022 (1) informing the Court as to the status of the government's final decision on whether to release additional parts of the redacted Abatement Plan Agreement; and (2) proposing a schedule to govern further proceedings, if necessary.

Dated: September 15, 2022

 /s/ *Wendy Liu*
Wendy Liu (D.C. Bar No. 1600942)
Scott Nelson (D.C. Bar No. 413548)
PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

*Counsel for Plaintiff*

Respectfully submitted,

MATTHEW M. GRAVES
D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: /s/ *Anna D. Walker*
   Anna D. Walker
   Assistant United States Attorney
   555 Fourth Street, NW
   Washington, DC 20530
   (202) 252-5244
   Anna.walker@usdoj.gov

*Counsel for the United States of America*


/s/ *Baruch A. Fellner*
Baruch A. Fellner (D.C. Bar No. 061630)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave., NW
Washington, DC
202-955-8591
BFellner@gibsondunn.com

*Counsel for Century Aluminum Company*

5